**MUNCY, Grdn. and Admr., Appellant,**

v.

**AMERICAN SELECT INSURANCE COMPANY, Appellee.**

[Cite as *Muncy v. Am. Select Ins. Co.* (1998), 129 Ohio App.3d 1.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE09–1226.

Decided June 30, 1998.

2

*Cloppert, Portman, Sauter, Latanick & Foley, Mark A. Foley* and *Nancy E. Leech,* for appellant.

*Isaac, Brant, Ledman & Teetor, J. Stephen Teetor* and *Marc J. Kessler,* for appellee.

———

PEGGY BRYANT, Judge.

Plaintiff-appellant Rebecca L. Muncy appeals from a judgment of the Franklin County Common Pleas Court granting summary judgment in favor of defendant-appellee American Select Insurance Company ("American"). Plaintiff filed this action individually, in her capacity as the administrator of the estate of Marc Muncy, and as the guardian of Eryne K. Muncy and Zachary K. Muncy.

Plaintiff's suit arises out of an automobile accident that resulted in the death of Columbus Police Officer Marc Muncy, plaintiff's husband. On April 5, 1995, decedent was in his police cruiser heading east on Fisher Road in response to a request for assistance. At approximately 7:40 p.m., as he came over the crest of a four-lane interstate overpass, decedent struck the bridge divider, lost control of his cruiser, and traveled over the divider, left of center. Decedent collided with a truck and was killed in the fire that resulted from the collision.

At the time of the accident, Eric A. Finchum was driving west on Fisher Road in the course of taking his daughter home from dance practice. As he came to the interstate overpass, Finchum observed a cloud of dust and wooden debris. Immediately reaching the crest of the overpass, he observed decedent's cruiser hit and cross the bridge divider, then collide with the truck and catch fire. Finchum went to call for help and returned to the scene of the accident. Finchum later told police that at approximately 6:50 p.m., as he was taking his daughter to dance practice, he had observed a wooden pallet in the left lane of eastbound Fisher Road. As a result, when he saw the cloud of dust and debris, Finchum claimed he knew that someone must have hit the pallet.

Plaintiff brought suit seeking coverage under the uninsured motorist provisions of the personal motor vehicle insurance policy American issued to decedent. The policy provides uninsured/underinsured motorist coverage for bodily injury caused by an accident with an uninsured "hit-and-run vehicle whose operator or

owner cannot be identified." (Insurance Policy, Part C, Section C–3.) In her complaint, plaintiff alleged that decedent was unable to avoid a wooden object that had been negligently dropped on Fisher Road by the operator of an unknown vehicle. Plaintiff asserted that the unknown vehicle operator's negligence caused decedent to lose control and collide with the truck, thereby resulting in decedent's death.

American timely answered and filed a motion for summary judgment, asserting that plaintiff could not establish an uninsured motorist claim as a matter of law. In support of its motion, American attached the affidavits of Sergeant Carl Booth and Corporal David McMannis, officers from the Franklin County Sheriff's Department who aided in investigating the accident. Plaintiff responded with a memorandum contra, which was accompanied by a traffic crash investigation file ("police report") from the accident, an affidavit from Finchum, and independent affidavits from Sergeant Booth and Corporal McMannis. American replied to plaintiff's memorandum contra and asserted that the police report should be stricken from the record as inadmissible hearsay and as improper evidence under Civ.R. 56. In decision journalized August 20, 1997, the trial court granted American's motion for summary judgment. Plaintiff appeals, assigning the following error:

"The trial court erred in granting defendant–appellee American Select Insurance Company's motion for summary judgment and dismissing plaintiff–appellant's claims against defendant American Select Insurance Company."

Plaintiff's assigned error asserts that the trial court improperly granted summary judgment under Civ.R. 56. In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 275–276. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed).

Initially, defendant contends that plaintiff's evidence is improper on summary judgment. Specifically, in its response to plaintiff's memorandum

contra, American argued that the police report plaintiff submitted as evidence should be stricken as inadmissible hearsay and improper evidence under Civ.R. 56. The trial court never explicitly ruled on American's request; however, the failure to rule on a motion generally is treated as if the court overruled it. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 154–155; see, also, *Stover v. Wallace* (Feb. 15, 1996), Franklin App. No. 95APE06–743, unreported, 1996 WL 70991. Indeed, the trial court's implicit decision to deny American's request is demonstrated in the trial court's considering the investigation file: "In this case, neither the Officers nor the *police investigations* reveal that the wooden object was unloaded by a motor vehicle." (Emphasis added.) While American failed to cross-appeal the trial court's considering the police report, arguably waiving any error, we nevertheless consider American's argument due to the lack of a specific ruling in the trial court.

American initially argues that the police report is inadmissible hearsay. A police report is hearsay unless it meets one of the exceptions enumerated in the Rules of Evidence. *Petti v. Perna* (1993), 86 Ohio App.3d 508, 513, 621 N.E.2d 580, 583. In *Petti*, the court held:

"A police report constitutes a 'public record' for evidentiary purposes. Evid.R. 803(8). Portions of a police report which contain 'matters observed pursuant to a duty imposed by law as to which matters there was a duty to report' are admissible in evidence. *Id.* See, also, *Sanders v. Hairston* (1988), 51 Ohio App.3d 63, 554 N.E.2d 951. The observations must be either the firsthand observations of the official making the report or those of one with a duty to report to a public official. *Cincinnati Ins. Co. v. Volkswagen of Am., Inc.* (1987), 41 Ohio App.3d 239, 535 N.E.2d 702."

Here, the integral portions of the police report are firsthand observations of the officials making the individual reports. For example, a key part of the police record is a memorandum Officer Keith Evans submitted to the Chief of Police. Evans was at the scene of the decedent's accident and was charged with the responsibility of pinpointing physical evidence to aid in reconstructing the accident. His memorandum and other firsthand observations which make up portions of the police report fall within the public records exception to the hearsay rule and are admissible evidence.

Similarly, American's claim that the police report is improper evidence under Civ.R. 56(C) is not well taken. Civ.R. 56(C) provides that only "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are properly considered on motion for summary judgment. While a police report does not fit

squarely into one of those categories, a police report may properly be considered on summary judgment if it is accompanied by an appropriate affidavit. *Venger v. Davis* (June 29, 1994), Summit App. No. 16567, unreported, 1994 WL 286269, citing *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632, 634 ("The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56[C] is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56[E]"); *Laughner v. Laughner* (Jan. 25, 1990), Cuyahoga App. No. 56491, unreported, 1990 WL 4475. The report at issue was accompanied by an affidavit from the records custodian of the crash investigation files certifying the report's accuracy. The report thus was appropriate evidence under Civ.R. 56(C). The trial court properly considered it, along with the affidavits, in deciding American's motion for summary judgment.

█ In granting American's motion for summary judgment, the trial court applied the Ohio Supreme Court's recent decision in *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280, and found "[t]he Record lacks any evidence demonstrating that an unidentified vehicle was the proximate cause of the accident."

In *Girgis,* the court held that R.C. 3937.18 and public policy "preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision." *Id.,* paragraph one of the syllabus. The court acknowledged the need to protect insurance companies from fraud while at the same time preserving the rights of insureds with legitimate claims. In an effort to balance the competing interests, the court devised the corroborative evidence test:

"The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident." *Id.,* paragraph two of the syllabus.

Where independent, third-party testimony indicates that the negligence of an unidentified vehicle caused debris to be deposited in the roadway and that the debris caused harm, a claim for uninsured motorist coverage may go forward. Cf. *Yurista v. Nationwide Mut. Ins. Co.* (1985), 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584, as modified by *Girgis, supra,* 75 Ohio St.3d at 306, 662 N.E.2d at 283.

█ Under *Girgis,* then, plaintiff was required to present corroborating evidence that (1) the source of the wood in the roadway was an unidentified vehicle, and (2) the wood in the roadway caused decedent's accident. "Corroborating evidence is evidence which supplements evidence that has already been

given and which tends to strengthen or confirm it. It is additional evidence, of a different character, to the same point. See *State v. Economo* (1996), 76 Ohio St.3d 56 [666 N.E.2d 225]." *England v. Grange Mut. Cas. Co.* (Dec. 23, 1997), Franklin App. No. 97APE07-894, unreported, 1997 WL 798297.

As to the source of the wood on Fisher Road, the affidavits from Sergeant Booth and Corporal McMannis state that the police investigation indicated that "the wood on the roadway could have come from two sources: (A) a motor vehicle from which the load was not adequately secured or (B) a pedestrian who deposited the wood in the roadway." The affidavits discount the pedestrian theory, however, by stating that at the location of the accident there is a "lack of pedestrian access." (Booth & McMannis affidavits, p. 2.) With the evidence construed in plaintiff's favor for purposes of summary judgment, the affidavits constitute independent, third-party evidence that creates a genuine issue of material fact that the wood on Fisher Road at the time of decedent's accident came from a motor vehicle to which the wood pallet was not adequately secured.

Plaintiff, however, was also required to present corroborative evidence that the wood pallet was the proximate cause of the accident. In that regard, the evidence creates a genuine issue of material fact whether decedent hit the pallet prior to losing control of the cruiser and striking the bridge divider. Specifically, in his affidavit, Finchum stated that he first observed a cloud of dust and wooden debris and then, upon reaching the crest of the overpass, observed decedent's cruiser hit and cross the bridge divider. While the timeline is helpful, it alone does not answer the proximate cause question.

The police report, however, contains an April 20, 1995 memorandum to the Chief of Police from Officer Keith Evans, a graduate of the Northwest Traffic Institute Basic and Technical Investigation courses, and an officer assigned to the Accident Investigation Squad for several years. In his memorandum, he stated that based on his firsthand observation of the accident scene and the physical evidence from it, decedent "was alert prior to the impact with the bridge wall, moving left to avoid the wood debris." (Report, p. 4.) Furthermore, Evans stated that the physical evidence at the scene indicated that the cruiser's left front tire struck the curb after decedent "moved left to avoid the wooden debris on the roadway." (Report, p. 7.) Finally, Evans explained that the physical evidence indicated that decedent's speed prior to the accident was "well within the area of good judgment and did not appear to be excessive." When that evidence is construed in plaintiff's favor, it reduces the possibility that decedent was already out of control prior to reaching the wood pallet in the roadway. When all of the evidence is construed in plaintiff's favor for purposes of summary judgment, the independent, third-party evidence under *Girgis* creates a genuine issue of material fact whether the wood pallet on Fisher Road was the proximate

cause of decedent's fatal accident. Under *Girgis,* defendant's summary judgment motion should have been denied. The trial court erred in granting summary judgment in favor of American, and plaintiff's single assignment of error is sustained.

Having sustained plaintiff's single assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

LAZARUS, J., concurs.

DESHLER, P.J., concurs separately.

DESHLER, Presiding Judge, concurring separately.

While I concur in the decision reversing summary judgment, I write separately in order to express my reservations with one aspect of the decision.

The majority concludes that the police report was admissible for consideration of summary judgment because it was accompanied by an affidavit from the record's custodian of the crash investigation file certifying the report. While this may have authenticated the report as to what it purported to be, I do not believe that this provides a proper basis, pursuant to the cases cited in the opinion, attesting to the veracity of the *contents* of the police report such that it would be admissible pursuant to Civ.R. 56(C). The distinction is well illustrated in the quote from *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632, 634, cited in the majority's opinion: "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Civ.R. 56(E) requires supporting affidavits to be made based upon personal knowledge, setting forth facts that would be admissible in evidence, and showing affirmatively that the affiant is competent to testify to the matter stated therein. While the custodian's affidavit in the present case would establish that the police report would be admissible as a public record, it does not demonstrate personal knowledge or competence to testify to the matters stated in the police report. I would therefore conclude that the police report was not admissible for lack of a "properly framed affidavit" presented by an affiant competent to certify the contents of the police report. *Biskupich, supra.*

I nonetheless concur in the conclusion reached by the majority with respect to reversal upon summary judgment. I would find, upon the record before us exclusive of the police report, that sufficient evidence has been advanced to

establish a material issue of fact under *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280. We must keep in mind that the nonmovant, in this case, the plaintiff, is entitled to have evidence construed most strongly in the plaintiff's favor. And while the evidence is not overwhelming, the issue here, involving summary judgment, does not involve trying the credibility of witnesses. I would therefore reverse the decision of the trial court on this basis alone and remand the case to the trial court.