OPINION
Plaintiff-appellant, Michael Medvedkov, appeals the March 1, 2000 final judgment entry of the Franklin County Court of Common Pleas incorporating a series of decisions ultimately granting summary judgment for defendant-appellee, Allstate Insurance Company, on appellant's claims for uninsured motorist benefits and for bad faith. For the reasons that follow, we affirm.
On May 19, 1998, appellant filed his complaint against appellee and an unknown "John Doe" defendant. In the complaint, appellant alleged that, on May 19, 1996, appellant was operating a motor vehicle [eventually described as a motorcycle] in a northbound direction on North Fourth Street at the I-670 bridge in Columbus, Ohio, when a motor vehicle [eventually described as a black pickup truck] driven by the unknown "John Doe" changed lanes into appellant's lane of travel, causing appellant "to swerve and loose [sic] control, striking the side of the bridge causing bodily injury to [appellant]." (Complaint, paragraph 2.) The complaint raised a claim of negligence (Count One) against the unknown "John Doe" defendant and sought uninsured motorist benefits (Count Two) from appellee for the damages allegedly caused by the negligence of the unknown driver.
On August 25, 1998, appellant filed, with leave of court, an amended complaint adding claims for bad faith. In particular, appellant made the allegation that appellee failed to properly investigate appellant's uninsured motorist claim:
 Defendant, Allstate Insurance, if it had fulfilled its duty to investigate immediately following the accident, would have immediately spoken with the eyewitness and the victim regarding the actions of defendant John Doe. Through immediate investigation, defendant, Allstate Insurance, would know of the black truck that ran the Plaintiff off the road, thereby causing Plaintiff's injuries. By failing to conduct an immediate investigation, defendant, Allstate Insurance, acted in bad faith. [Amended complaint, paragraph 15.]
On September 29, 1998, the trial court granted appellee's motion for summary judgment as to appellant's underlying uninsured motorist claim. The trial court held that appellant failed to present independent corroborating evidence, as required by Girgis v. State Farm Mut. Auto.Ins. Co. (1996), 75 Ohio St.3d 302, that the unidentified, black pickup caused the accident.
On August 5, 1999, appellant filed a motion seeking reconsideration of the trial court's grant of summary judgment on appellant's underlying coverage claim. Appellant based his motion on new evidence that, according to appellant, suggested that he was actually struck by the black pickup truck. The new evidence consisted of affidavits from two persons who inspected appellant's motorcycle shortly after the accident and claimed to have seen black paint on the clutch lever on the left side of the motorcycle. On September 24, 1999, the trial court denied appellant's motion for reconsideration.
Finally, on February 18, 2000, the trial court issued its decision granting summary judgment for appellee on appellant's claim for bad faith. In so doing, the trial court held: (1) that given appellant's inability to prove coverage under the policy, it was undisputed that appellant would not be able to prove compensatory damages flowing from appellee's alleged bad- faith failure to investigate; (2) that while there may be a genuine issue of fact as to whether appellee conducted a reasonable investigation, there was no evidentiary basis for a finding that appellee consciously disregarded appellant's rights and, as such, no punitive damages could be recovered; and (3) that absent punitive damages, no attorney fees could be recovered. Final judgment reflecting the trial court's decision was entered on March 1, 2000.
It is from this judgment entry that appellant appeals, raising the following three assignments of error:
 1. The lower court erred when it granted Appellee, Allstate Insurance Company's, Motion for Summary Judgment on the basis that Appellant, Michael Medvedkov, was unable to satisfactorily establish his entitlement to benefits under the uninsured motorist provision of his insurance policy.
 2. The lower court erred when it granted Appellee, Allstate Insurance Company's, Motion for Summary Judgment on the basis that Appellant, Michael Medvedkov, was unable to establish his entitlement to damages as a result of Appellee's failure to investigate his claim.
 3. The lower court erred when it denied Appellant, Michael Medvedkov's, Motion for Relief from Judgment on the basis that evidence newly discovered by Appellant did not establish a genuine issue of material fact on the issue of Appellant's entitlement to uninsured motorist benefits.
In his first assignment of error, appellant challenges the trial court's initial decision to grant summary judgment for appellee as to appellant's underlying uninsured motorist claim. We disagree.
Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66.
Furthermore, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial. Id.
Finally, appellate review of summary judgment is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,8.
In Girgis, supra, the Ohio Supreme Court held that automobile insurance policies requiring actual physical contact between the unidentified vehicle and either the insured or the insured's vehicle as an absolute prerequisite to recover uninsured motorist coverage were invalid as against public policy. (Id. at paragraph one of the syllabus.) Mindful, however, of the possibility of fraudulent uninsured motorist claims based solely on the word of the insured, the court adopted a corroborative evidence test, "which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident." (Emphasis added.) (Id. at paragraph two of the syllabus).
Here, appellant contends that he presented corroborating evidence that the negligence of the driver of the black pickup was a proximate cause of the accident. In response to appellee's motion for summary judgment, appellant attached an affidavit of Roger Holobaugh, in which Holobaugh testified that he immediately came upon the accident scene, that he began administering first aid to appellant, and that appellant told Holobaugh that a black truck had crowded him into the curb. According to appellant, Holobaugh's account indicates that appellant's statement was made without reflection and, therefore, should be considered sufficiently reliable to satisfy the Girgis test.
Corroborating evidence is evidence that supplements evidence that has already been given and that tends to strengthen or confirm it. It is additional evidence, of a different character, as to the same point. SeeMuncy v. Am. Select Ins. Co. (1998), 129 Ohio App.3d 1, 7.
In Willford v. Allstate Indemnity Company (Nov. 10, 1997), Franklin App. No. 97APE05-657, unreported, this court held that an insured's own statement to a witness shortly after the accident did not constitute corroborating evidence as required by Girgis, supra. In Willford, that plaintiff relied upon an accident report and affidavit of an investigating police officer, which report and affidavit repeated statements by the insured that the single car accident was caused because he swerved to miss another vehicle that had gone left of center. Particularly relevant here, this court explained that the evidence plaintiff submitted merely contained repetition of statements plaintiff himself had made to the investigating officer and did not include the observations of third parties. Significantly, the investigating officer did not personally observe the accident himself. This court also noted that, while plaintiff's statements to the officer may be deemed an excited utterance and, therefore, admissible as an exception to the hearsay rule, the evidence was nonetheless "no more corroborative than testimony plaintiff might give at trial, which is insufficient under Girgis." Id. See, also, Combs v. Allstate Insurance Company (June 29, 2000), Franklin App. No. 99AP-822, unreported (testimony of insured's treating physician based entirely upon statements made by the plaintiff during the course of her treatment was insufficient corroborating evidence under Girgis).
This court's analysis in Willford is equally applicable here. Appellant's own statement to Holobaugh is not independent third-party testimony as to the cause of the accident and, as such, is not corroborating evidence sufficient to support an uninsured motorist claim under Girgis. Nothing in Holobaugh's affidavit (or in his deposition subsequently filed with the trial court) indicates that Holobaugh witnessed the accident and/or suggests that he has personal knowledge that the black pickup truck caused the accident. We, therefore, find that the trial court did not err in granting summary judgment for appellee on appellant's underlying uninsured motorist claim. Appellant's first assignment of error is not well-taken.
In his third assignment of error, appellant contends that the trial court erred in failing to grant appellant's motion for reconsideration of the trial court's summary judgment decision on appellant's underlying uninsured motorist claim. In his motion, appellant included affidavits of two persons (Donald Nash and Jason Barr) who testified that they inspected appellant's motorcycle after the accident and saw black paint on the clutch lever located on the handlebars of the left side of the motorcycle. According to appellant, this new evidence created a genuine issue of material fact that appellant was actually struck by the black pickup truck and, as such, was sufficient to allow his uninsured motorist claim to survive summary judgment.
Whether to grant or deny a motion to reconsider an interlocutory summary judgment decision falls within the sound discretion of the trial court, and the trial court's decision in this regard will not be reversed on appeal absent a showing of an abuse of that discretion. See Hayes v.Murtha (Oct. 10, 1996), Franklin App. No. 96APE04-512, unreported; Ryanv. Jones (Oct. 26, 1993), Franklin App. No. 93AP-892, unreported. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982),1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565; In re Ghali (1992), 83 Ohio App.3d 460, 466.
Here, the trial court denied appellant's motion for reconsideration for several reasons. First, appellant's motion was filed more than ten months after the original decision without explanation as to why the new evidence was not discovered earlier. Second, the litigation had subsequently progressed under the assumption that appellant could not prove uninsured motorist coverage in large part because appellant made no assertion that he had been struck by the phantom vehicle. Third, the credibility of the evidence was weak in part because appellant's deposition testimony indicated that there was no collision, because there was no evidence that Nash and Barr had expertise in distinguishing paint from other substances, and because it was not the first time there had been a shift in appellant's allegations.
None of the trial court's reasons for denying appellant's motion are arbitrary, capricious, or unreasonable. While appellant correctly points out that his deposition testimony does not foreclose the possibility that he was struck by the black pickup truck and just did not realize it, appellant cannot deny that his motion for reconsideration introduced a new theory of recovery. Likewise, while appellant asserts that he informed the trial court that Barr worked in the automotive repair department of a Chevrolet dealership and that both Barr and Nash do repair and paint jobs on motorcycles, these assertions were not factually supported in the record at the time the trial court made its decision.
In sum, we find that the trial court did not abuse its discretion in denying appellant's motion to reconsider. Appellant's third assignment of error is not well-taken.
In his second assignment of error, appellant challenges the trial court's decision to grant summary judgment on appellant's bad-faith claims on the basis that appellant could prove no damages flowing from such alleged bad faith. Appellant argues that attorney fees incurred in the prosecution of a bad-faith claim are compensatory damages and may be recovered independently of any showing of actual damages separate from said attorney fees. According to appellant, he would have known (without litigation) whether he was entitled to uninsured motorist coverage had appellee properly investigated the accident and, as a result, he was essentially forced to retain counsel to prosecute this action in order toattempt to recover uninsured benefits. Finally, appellant argues that punitive damages are authorized upon a showing of bad faith. We find appellant's arguments to be untenable.
Ohio law is clear — compensatory damages (independent from the attorney fees expended in prosecution in the instant action) must be shown before either attorney fees or punitive damages may be awarded in a tort action. See Digital Analog Design Corp. v. North Supply Co.
(1992), 63 Ohio St.3d 657, 662 ("there is no separate tort action at law for the recovery of attorney fees under these circumstances. Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees, unless there is a basis for sanction under Civ.R. 11"); Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552,558 ("attorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted"); Malone v.Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 447 ("as we have held time and again, punitive damages may not be awarded when a jury fails to award compensatory damages").
The sole case cited by appellant, Brown v. Guarantee Title Trust/ARTA (Aug. 28, 1996), Fairfield App. No. 94-41, unreported, is not to the contrary. In Brown, the insured brought claims against the insurer for breach of its duty to defend the insured in a prior action and for breach of its duty of good faith. The jury awarded, and the court of appeals affirmed, damages equal to the legal fees incurred by the insured in the defense of the prior action (i.e., independent compensatory damages on the underlying coverage claim) and legal fees incurred in the prosecution of the lawsuit against the insurer. Thus,Brown does not stand for the proposition that attorney fees incurred in the prosecution of a bad-faith claim are recoverable even absent the award of independent compensatory damages from the insurer.
Here, appellant's inability to present evidence of compensatory damages separate and independent from the attorney fees expended in the prosecution of this litigation precludes recovery of such fees or punitive damages. Appellant's second assignment of error is not well-taken.
For the foregoing reasons, all of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT, J., concurs
TYACK, J., dissents.