OPINION
Plaintiff, Miguel A. Gargallo, appeals a decision and entry of the Franklin County Court of Common Pleas granting defendant, Nationwide Mutual Insurance Company ("Nationwide"), leave to file a motion for summary judgment. Plaintiff also appeals the court's decision denying plaintiff's motion and granting defendant's motion for summary judgment. Plaintiff raises the following four assignments of error:
 [1.] THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN GRANTING, WITHOUT REASON, A DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT.
 [2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN GRANTING, WITHOUT REASON, A SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS.
 [3.] THE TRIAL COURT ERRED, TO THE PREJUDICE OF PLAINTIFF, IN DENYING, WITHOUT REASON, A SUMMARY JUDGMENT IN HIS FAVOR.
 [4.] THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN ENTERING, WITHOUT REASON, A JUDGMENT DISMISSING THE CASE.
On June 2, 2001, plaintiff filed a complaint for declaratory judgment against the defendant. At that time, plaintiff owned a 1980 Chrysler that was insured by Nationwide. On or about December 26, 1996, plaintiff's vehicle was damaged as a result of a collision. Plaintiff filed a claim, and defendant offered to pay plaintiff the full "book value" of the automobile. Plaintiff accepted that offer and signed a "Settlement and Subrogation Agreement" on January 4, 1997, which provided that after January 5, 1996, the end of plaintiff's policy renewal period, that Nationwide would no longer offer plaintiff collision and comprehensive coverage for the 1980 Chrysler. Collision and comprehensive coverage was deleted from plaintiff's declarations page, and plaintiff no longer paid a premium for this coverage.
On June 5, 1999, plaintiff's car was damaged as a result of a "hit-and-run" accident which occurred in the parking lot of his apartment complex. According to the plaintiff, the accident occurred as plaintiff's vehicle was parked between two others. When the driver of the vehicle parked next to the driver's side of plaintiff's vehicle removed his or her car, he struck the left rear of plaintiff's car, pushing it into a third vehicle which had been parked alongside the passenger side of plaintiff's vehicle. As a result, both stationary vehicles were damaged. The operator who caused the damage left the scene of the accident and was not identified. The two damaged vehicles were not occupied at the time of the collision, and no personal injury occurred.
In his complaint for declaratory judgment, plaintiff raised two claims. First, plaintiff alleged that the defendant wrongfully denied coverage for damage caused as a result of the June 1999 accident. Second, plaintiff charged that the defendant "has previously denied recovery for lawful comprehensive liability, contrary to law, and thus was reversed by decision of the Franklin County Court of Appeals." Gargallo v. Nationwide Gen. Ins. Co. (1991), 74 Ohio App.3d 290. Plaintiff claims that the defendant thereafter cancelled collision and comprehensive coverage, and that the cancellation was unlawful and ineffective.
A complaint for declaratory judgment is a civil action which may provide both legal and equitable remedies if appropriate. Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. Specifically, Civ.R. 57 and R.C. 2721.01, et seq., allow a court to declare the rights, status, and other legal relations of the parties. R.C. 2721.03
provides that a person interested under a written contract may have the court determine any question of construction or validity arising under the contract and obtain a declaration of the rights, status, or other legal relations under it.
In order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. Burger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97. Such an action is an appropriate means to establish the obligations of an insurer in a controversy between it and its insured as to the fact or extent of liability under a policy. See Lessak v. Metropolitan Casualty Ins. Co. of New York (1958), 168 Ohio St. 153, 155.
Nationwide answered plaintiff's complaint on July 19, 2000, denying the allegations set forth therein, and specifically pleading that collision and comprehensive coverage had been removed from the plaintiff's insurance contract. On March 12, 2001, defendant moved the court for an extension of time in which to file its motion for summary judgment. On that same day, plaintiff filed his motion for summary judgment.
Both motions for summary judgment were fully briefed by the parties, as was the defendant's motion for leave for an extension of time. On May 25, 2001, the trial court released a decision in which it: (1) sustained defendant's motion for leave to file; (2) sustained defendant's motion for summary judgment; and finally (3) denied plaintiff's motion for summary judgment.
In his first assignment of error, plaintiff complains the trial court erred when it allowed the defendant additional time in which to file its motion for summary judgment. In support of this claim, plaintiff argues that the motion for leave was untimely and failed to contain an affidavit showing "excusable neglect." Plaintiff directs our attention to Civ.R. 6(B), relying upon Civ.R. 6(B)(2) for his position. However, plaintiff misconstrues Civ.R. 6(B), as Civ.R. 6(B)(1), not 6(B)(2), applies to these facts. Civ.R. 6(B) provides that:
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *[.]
In this case, defendant's request for additional time in which to file its motion for summary judgment was "made before the expiration of the period originally prescribed" for the filing of dispositive motions. In such a case, a trial court "may at any time in its discretion * * * with or without motion or notice order the period enlarged * * *[.]" Nevertheless, even if we were to apply Civ.R. 6(B)(2), that rule also allows for an extension of time to file a late pleading and entrusts the decision whether to do so with the trial court. See Marion Products Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271, wherein the court explained that "[a] ruling by the trial court on such a motion will be upheld absent an abuse of discretion."
In this instance, plaintiff has offered no satisfactory reason why the trial court's decision to grant the defendant an extension of two weeks in which to file its motion for summary judgment constituted an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is clearly and palpably unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Plaintiff's first assignment of error is therefore overruled.
In his second and third assignments of error, plaintiff contends the trial court improperly granted the defendant, rather than the plaintiff, summary judgment. When asked to determine whether the trial court correctly entered summary judgment in favor of the defendant, we apply the same standard applied by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102 . That standard is contained in Civ.R. 56(C), which provides, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
The Ohio Supreme Court has held that in order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. In order to carry this burden:
 * * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Id. at 292-293.]
In support of its motion, Nationwide relied in part upon the language of plaintiff's policy, and in particular, "Uninsured Motorists Endorsement 2415," which had been attached to that policy. According to the defendant, this endorsement, in combination with R.C. 3937.18(B), excludes coverage for property damage caused by an uninsured motor vehicle whose owner or operator has not been identified. Simply put, defendant argues that we should declare that the language of the plaintiff's policy does not provide coverage in this instance, while the plaintiff argues that we should declare that it does. Obviously, this determination turns upon the precise language of plaintiff's actual insurance policy. Surprisingly, however, neither party provided the trial court with a true and accurate copy of that policy. Plaintiff did not attach a copy to his pleadings, properly authenticated or otherwise; and while the defendant submitted what appears to a photocopy of a standard auto policy, this document was not properly authenticated, and was also clearly stamped "SAMPLE NOT A VALID CONTRACT." The proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to submit that material to the court accompanied and incorporated by reference into a properly framed affidavit. Muncy v. Am. Select Ins. (1998), 129 Ohio App.3d 1. See, also, Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220.
While all admissible evidence is to be construed in favor of the plaintiff, inferences must "arise from the evidence properly submitted." American Motors Ins. Co. v. Munhall Co. (Apr. 9, 1991), Franklin App. No. 90AP-1328, unreported. As noted, Civ.R. 56(C) provides that summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," show there to be no genuine issue of material fact. (Emphasis added.) Plaintiff's insurance policy is none of these. It was also not properly submitted by either party. Thus, the trial court incorrectly relied upon "Endorsement 2415" in making its determination that summary judgment in favor of the defendant is appropriate.
However, defendant did submit the affidavit of its agent, Charles Jacoby. Mr. Jacoby testified that he was the plaintiff's insurance agent and handled all of the plaintiff's insurance matters with the defendant. According to Mr. Jacoby, plaintiff was paid the full book value of his automobile as a result of the prior collision which occurred in December 1996. In his affidavit, Mr. Jacoby states in pertinent part:
 6. Mr. Gargallo had a loss on December 26, 1996, involving damage to his 1980 Chrysler;
 7. Mr. Gargallo entered into negotiations with Nationwide regarding that loss, and he was paid the book value for his car;
 8. As part of the settlement, Mr. Gargallo agreed to delete his collision coverage;
 9. The collision coverage was deleted near the end of a policy period;
 10. On March 17, 1997, he sent Mr. Gargallo [a letter] outlining the settlement of his property damage claim, and a copy of that letter is attached to this affidavit as exhibit C;
 11. Exhibit C is a true and accurate copy of the letter sent to Mr. Gargallo and was prepared and keep [sic] in the ordinary course of business;
* * *
 14. Mr. Gargallo did not pay any premium for comprehensive or collision coverage after December 27, 1996.
The record also shows that the "settlement and subrogation assignment agreement," attached to Mr. Jacoby's affidavit, was signed by the plaintiff and provided that collision and comprehensive coverage would be removed from his policy as of January 5, 1996. Finally, the evidence also shows that plaintiff had not paid for collision or comprehensive coverage since December 1996, more than two years prior to this claim.
Although the court must view the facts in a light most favorable to the nonmoving party, Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings, but must come forward with specific facts showing the existence of a genuine issue for trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317; and Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45.
In support of his own motion, and in opposition to the defendant's motion for summary judgment, plaintiff directed the court's attention to a photocopy of the declarations page of his insurance policy. He also submitted a copy of a letter from Mr. Jacoby explaining that comprehensive and collision coverage would no longer be offered for plaintiff's 1980 Chrysler, a handwritten note from Officer Perry, and a photocopy of an Ohio traffic crash report. Although it could be said that plaintiff attached these documents to his affidavits, an affidavit is properly considered by the court only when the affidavit meets the requirements set forth in both Civ.R. 56(E) and Evid.R. 701. Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66. In this case, plaintiff's affidavits do not properly incorporate any of the documents which plaintiff submitted in support of his motion, and in opposition to the defendant's motion for summary judgment.
The only admissible evidence offered by the plaintiff was a single statement in his April 9, 2001 affidavit that he did not contact Mr. Jacoby for the purpose of, nor did he agree to, the termination of collision and comprehensive coverage. However, in light of the evidence offered by the defendant, particularly the signed settlement agreement deleting collision and comprehensive coverage, as well as the fact that plaintiff did not pay for this coverage after December 1996, we find that plaintiff's statement fails to raise a genuine issue of material fact. Accordingly, the trial court properly denied the plaintiff, and granted the defendant, summary judgment. Plaintiff's second and third assignments of error are therefore overruled.
Because the trial court properly entered summary judgment in favor of the defendant, it was not improper for the court to journalize final judgment in defendant's favor. Accordingly, plaintiff's fourth assignment of error is also overruled.
For the foregoing reasons, all four of plaintiff's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.