DECISION AND JUDGMENT ENTRY
{¶ 1} Ramsey and Lisa Ganoom appeal the decision of the Lucas County Court of Common Pleas granting summary judgment to Jeffrey Earnest and Zero Gravity Motor Sports, Inc. Because we conclude that the Ganooms failed to present any reliable evidence which creates a genuine issue of material fact as to causation, we affirm.
 Facts {¶ 2} Ramsey Ganoom was injured on August 29, 1999, while riding his two-wheeled motorcycle on Zero Gravity's motorcross track, which is owned and operated by Jeffrey Earnest. He filed a negligence action against Zero Gravity and Earnest (collectively "Zero Gravity").[1] Zero Gravity filed a motion for summary judgment, arguing that it did not breach a duty owed to Ganoom, that any breach of its duty was not the proximate cause of Ganoom's injuries, and that Ganoom expressly assumed the risk of injury. Ganoom argued that summary judgment was not appropriate because Zero Gravity breached its duty to him by allowing four-wheeled vehicles on the track at the same time as two-wheeled vehicles and that there was a genuine issue of material fact over whether a four-wheeled vehicle or a two-wheeled vehicle caused the accident. Ganoom also contended that the waiver he signed was ineffective and that Zero Gravity's actions were reckless and wanton, meaning primary assumption of the risk did not apply.
 {¶ 3} The trial court determined that there was no evidence that a four-wheeled vehicle contributed in anyway to Ganoom's accident. It characterized the opinion testimony of the EMT as speculation since he saw the events leading up to the accident but did not witness the accident itself. Because there was no evidence contradicting Earnest's testimony that the accident was caused by Ganoom's making contact with another two-wheeler, the trial court granted Zero Gravity's motion for summary judgment. Ganoom and his wife appeal from that decision.
 Assignment of Error {¶ 4} "The trial court erred when it held that the fact witness testimony constituted no evidence from which a reasonable juror could conclude that negligence was a proximate cause of Ramsey Ganoom's injuries."
 Summary Judgment Standard {¶ 5} A review of the trial court's ruling on a motion for summary judgment is de novo, and thus, we apply the same standard as the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but the [nonmoving] party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108, 111.
 Negligence and Proximate Cause {¶ 6} To establish an action in negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77, citing DiGildo v.Caponi (1969), 18 Ohio St.2d 125. In this case, Ganoom contends that the trial court erred when it granted summary judgment to Zero Gravity because there was sufficient evidence for reasonable minds to conclude that a four-wheeler was the proximate cause of the accident. Proximate cause is defined as: "That which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated." Jeffers v. Olexo (1989),43 Ohio St.3d 140, 143, quoting Corrigan v. E.W. Bohren Transport Co.
(C.A. 6, 1968), 408 F.2d 301, 303, certiorari denied (1969),393 U.S. 1088, 21 L.Ed.2d 782, 89 S.Ct. 880.
 {¶ 7} In Welch v. Bloom, 6th Dist. No. L-04-1003, 2004-Ohio-3168, this court recently noted: "Normally, the issue of proximate cause involves questions of fact and cannot be resolved by means of summary judgment. Whiteleather v. Yosowitz
(1983), 10 Ohio App.3d 272, 274. However, if the facts are undisputed, the issue becomes a question of law which can be determined on summary judgment. Tolliver v. Newark (1945),145 Ohio St. 517, 526, overruled on other grounds Fankhauser v.Mansfield (1969), 19 Ohio St.2d 102, syllabus. If the plaintiff's quantity or quality of evidence on the issue of proximate cause requires mere speculation and conjecture to determine the cause of the event at issue, then the defendant is entitled to summary judgment as a matter of law. Schutt v.Rudolph-Libbe, Inc. (Mar. 31, 1995), 6th Dist. App. No. WD-94-064, citing Renfroe v. Ashley (1958), 167 Ohio St. 472, syllabus (which applied the same rationale to a motion for directed verdict)." Id. at ¶ 11.
 {¶ 8} The evidence before the trial court on the issue of causation was the deposition of Jeffrey Earnest, the affidavit of Tyler Amstutz, and the affidavit and deposition of Robert Goldberg.[2] Due to his injuries, Ganoom himself does not remember the accident at all. Jeffrey Earnest testified that on that day he and several other volunteers were acting as flaggers for the beginner novice class, which consisted of about 30 riders. He stated that he was watching Ganoom ride because Ganoom mentioned when checking in that it would be his last day riding since he planned on selling his bikes. As Ganoom entered the whoop-de-do or whoops section of the track,[3] Earnest noticed that Ganoom was going rather quickly and was staying on the right side of the course. Earnest testified he then saw another two-wheeler, ridden by Tyler Amstutz, veer over to the right. According to Earnest, Ganoom came up and hit Amstutz's bike, causing Ganoom's bike to flip. Ganoom was thrown from his bike, flying head first with his feet up in the air. Earnest testified that when he reached Ganoom, he was lying between two whoops and his helmet was cracked on one side. Tyler Amstutz's affidavit supports this version of the event. Amstutz stated that as he was entering the whoops section Ganoom wiped out behind him and hit him.
 {¶ 9} Robert Goldberg's affidavit states that he was present at Zero Gravity and was on duty as a paramedic on the day of the accident. In paragraph five, he states "I did not see the Plaintiff's accident occur and thus cannot provide any details in that regard. Any testimony I would provide regarding the cause of the Plaintiff's accident or injuries would be speculative." He further states in paragraph seven, "There was a four-wheel vehicle on the track that day near the site of the accident; however, I cannot say if that vehicle or any other vehicle was involved in the accident, or made contact with the Plaintiff." Goldberg was deposed later by both parties. At his deposition, he concluded that a four-wheeled vehicle caused the accident. Goldberg testified that he was watching the riders on the track and that he saw Ganoom pass by as he headed for the whoop section and that Ganoom cleared the first hill. He then saw a four-wheeler go over that same hill. The four-wheeler went airborne, approximately four to five feet in the air. Goldberg next noticed that a flagger started waving his flag in that area, indicating that an accident had occurred. Goldberg and another EMT responded and treated Ganoom until he was taken to the hospital. Goldberg consistently testified that he did not see the accident occur. He stated that he was 100 plus yards away and at most could only see each rider from the shoulders up because of the height of the hills. Nevertheless, relying on the vehicles' positions before the accident, the extent of Ganoom's injuries, and the cracks in Ganoom's helmet, Goldberg gave his opinion that the four-wheeler came down on top of Ganoom.
 {¶ 10} Ganoom argues that Golberg's opinion is admissible pursuant to Evid.R. 701 and that it is sufficient to create an issue of fact regarding causation, and therefore the trial court erred when it granted summary judgment to Zero Gravity. Ganoom maintains that the trial court impermissibly weighed the evidence and decided the credibility of the witnesses. Even though Goldberg did not witness the accident, Ganoom contends that Goldberg's testimony of what occurred leading up to the accident and what he saw after the accident is sufficient to create an inference that the four-wheeler caused the accident. Ganoom argues that Goldberg's testimony was not speculative as Goldberg agreed that it was more likely than not the four-wheeler caused the accident.
 {¶ 11} The admissibility of lay opinion is governed by Evid.R. 701, which provides:
 {¶ 12} "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
 {¶ 13} "The primary purpose of Rule 701 is to allow nonexpert witnesses to give opinion testimony when, as a matter of practical necessity, events which they have personally observed
cannot otherwise be fully presented to the court or the jury."Urbana, ex rel. Newlin v. Downing (1989), 43 Ohio St.3d 109,112 quoting Randolph v. Collectramatic, Inc. (C.A. 10, 1979),590 F.2d 844, 846. [Emphasis added.] In State v. Jells (1990)53 Ohio St.3d 22, the Supreme Court of Ohio determined that a lay witness may be permitted to express his or her opinion as to the similarity of footprints as long as the print pattern is sufficiently large and distinct so that no detailed measurements, subtle analysis or scientific determination is needed. Id. at 29. In Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129, the Eighth District Court of Appeals noted that lay witnesses have been permitted to render opinions in a number of situations such as the speed of a car, the size of an article, a person's sanity or physical condition, weather condition, distance, and a person's intoxication. Id. at 133.
 {¶ 14} In this case, the trial court properly characterized Goldberg's testimony regarding the cause of Ganoom's accident as speculative. Goldberg acknowledges that he did not see the accident. Nonetheless, Ganoom contends that Goldberg saw the entire event but for a momentary two to three seconds which encompassed the actual point of impact. This statement, however, is not accurate and mischaracterizes the record. Goldberg never testified that he looked away for a few seconds. Due to his distance from the accident and the height of the hills, he acknowledged he could not see the accident. Goldberg also never testified as to how much (or how little) time passed between observing Ganoom go over the first hill followed by the four-wheeler and the flagger raise his flag. Goldberg also candidly admitted both in his affidavit and at deposition that his testimony as to causation was speculative.
 {¶ 15} Ganoom compares this case to the examples set forth inMcDougall v. Glenn Cartage Co. (1959), 169 Ohio St. 522. Unlike the seasick passenger by the railing who completely disappears or the pedestrian walking along the road who is found unconscious and injured after a car passes by him, however, there is no direct connection between Goldberg's observations prior to the accident and causation. When the accident occurred, Goldberg could no longer see Ganoom. Thus any inference as to causation is speculative because it first requires an inference that both vehicles maintained the same speed and path and an additional inference that there was no intervening action by one of the other riders on the course.
 {¶ 16} This case is similar to Muncy v. Am. Select Ins. Co.
(1998), 129 Ohio App.3d 1. In Muncy, a motorist who witnessed part of the accident, but did not actually see what caused the police officer to lose control of the vehicle, testified that he saw a wooden pallet in the road. The motorist then opined that hitting the pallet was what caused the officer to lose control of his cruiser, concluding this after seeing a cloud of dust and debris. The Tenth Appellate District held that this testimony was not sufficient to answer the proximate cause question. Id. at 7. That court ultimately reversed the trial court's granting of summary judgment to the insurance company because the testimony of an accident reconstruction expert was sufficient to create an issue of fact on the issue of causation.
 {¶ 17} Goldberg cannot testify to what caused the accident because he did not see it, nor was he qualified as an expert. He was more than 100 yards away; his view was blocked by the hills on the course. Any opinion he offers is not based upon observable facts. We, therefore, agree with the trial court that Goldberg's testimony about the cause of the accident is improperly speculative. Because there is no credible evidence to contradict the direct evidence of Earnest's account and Amstutz's corroboration that Ganoom hit another two-wheeler thereby causing the accident, we find that there is no genuine issue of material fact for a jury to try and that Zero Gravity was entitled to summary judgment.
 {¶ 18} Ganoom's sole assignment is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs are assessed to appellants.
Judgment Affirmed.
[1] The complaint also alleged a claim for loss of consortium by Lisa Ganoom, Ramsey's wife.
[2] Ganoom also refers to the deposition of Tyler Amstutz in his reply brief, while Zero Gravity cites to the deposition of Allen in its brief. A review of the record of case numbers CI-00-2983 (the original action) and CI-02-2681 (the refiled action after the voluntary dismissal of CI-00-2983) reveals that neither deposition was filed with the trial court and thus may not be considered under Civ.R. 56(C).
[3] The whoop-de-do section is a series of small hills.