DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the December 2, 2003 judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Charles E. Bloom, Executor of the Estate of Theodore K. Welch, deceased, and dismissed the complaint of appellant, Christopher Welch, for damages in a slip and fall case. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellant asserts the following sole assignment of error on appeal:
 {¶ 2} "The trial court erred in granting summary judgment to the appellees as there remained genuine issues of material fact."
 {¶ 3} The facts in this case are not in dispute. Welch was a guest in the home of his late father following his funeral. Welch entered the home through the garage, which was his customary entrance. Later, he left the home through the front door to go to his car. As he walked down the front steps, he slipped and fell on ice and injured himself. He had not noticed the ice that had formed on the steps.
 {¶ 4} The trial court determined that since there was no evidence to explain how the ice formed on the steps, it was required to presume that the accumulation was natural. Therefore, it granted summary judgment to the homeowner.
 {¶ 5} On appeal, we review the ruling on a motion for summary judgment under a de novo standard. Advanced Analytics Lab., Inc. v. Kegler,Brown, Hill Ritter, 148 Ohio App.3d 440, 2002-Ohio-3328, at ¶ 33. Therefore, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 {¶ 6} "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
 {¶ 7} A party moving for summary judgment must specifically identify the basis for his motion and the evidence or lack of evidence which supports his claim that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Drescher v. Burt
(1996), 75 Ohio St.3d 280, 293. Then, the non-moving party must respond by identifying the specific evidence permitted under the rule that shows that there is a genuine issue of material fact to avoid summary judgment. Id. If the non-moving party fails to meet this burden, summary judgment must be entered against him. Id. and Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115-116.
 {¶ 8} Appellant first argues that there is a genuine issue of material fact as to whether he should be classified as a social guest or as an invitee. First, we find this argument lacks merit because this would be a question of law, not fact. Second, this argument lacks merit because there is no distinction between the duties owned to a social guest and that of a business invitee regarding natural accumulations of ice and snow. Brinkman v. Ross (1993), 68 Ohio St.3d 82, 85. Neither the homeowner nor the owner or occupier of land owes the social guest or business invitee a duty to remove or to warn invitees of the dangers associated with natural accumulations of snow and ice because these conditions are open and obvious dangers during Ohio winters. Id. andDebie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 40.
 {¶ 9} Appellant's second argument is that there is a genuine issue of material fact as to whether this was a natural accumulation of ice. Generally, the melting and refreezing of the ice from icicles is a natural accumulation of ice. Nemit v. St. Elizabeth Hosp. Medical Center
(June 26, 2001), 7th Dist. App. No. 99-CA-202. Unnatural accumulations are caused by a person doing something that would cause ice and snow to accumulate in an unexpected place or way. Porter v. Miller (1983),13 Ohio App.3d 93, 95.
 {¶ 10} Appellant testified at his deposition that he believed that water had dripped on to the steps from flood lights above the staircase. He reasoned that during the ice storm which had occurred the previous day, ice accumulated upon the flood lights. The following day, that ice began to melt when the flood lights became hot and water dripped onto the sidewalk and refroze.
 {¶ 11} Normally, the issue of proximate cause involves questions of fact and cannot be resolved by means of summary judgment. Whiteleatherv. Yosowitz (1983), 10 Ohio App.3d 272, 274. However, if the facts are undisputed, the issue becomes a question of law which can be determined on summary judgment. Tolliver v. Newark (1945), 145 Ohio St. 517, 526, overruled on other grounds Fankhauser v. Mansfield (1969),19 Ohio St.2d 102, syllabus. If the plaintiff's quantity or quality of evidence on the issue of proximate cause requires mere speculation and conjecture to determine the cause of the event at issue, then the defendant is entitled to summary judgment as a matter of law. Schutt v.Rudolph-Libbe, Inc. (Mar. 31, 1995), 6th Dist. App. No. WD-94-064 at 18 citing Renfroe v. Ashley (1958), 167 Ohio St. 472, 150 N.E.2d 50, syllabus (which applied the same rationale to a motion for directed verdict). In a slip and fall case like the one presented here, the plaintiff has to present sufficient facts which would establish that there was an unnatural cause for the accumulation of ice. See Schlichter v.P.J.'s on the Square (Feb. 16, 2001), 1st Dist. App. No. C-000279, at 6-7; and Zwick v. Cashelmara Condominium Assoc. (July 22, 1999), 8th Dist. App. No. 74477, at 6-7.
 {¶ 12} We find that appellant failed to present sufficient facts in this case to demonstrate that the ice on the steps was caused by the placement of the flood lights above the stairs. We agree with the trial court that appellant's testimony is nothing more than speculation that the flood lights caused the formation of ice on the steps rather than the ice storm that occurred the previous evening.
 {¶ 13} Accordingly, we find appellant's sole assignment of error not well-taken. Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J. concur.