OPINION
{¶ 1} Plaintiffs-Appellants, Jennifer and Robert Trammell (hereinafter collectively referred to as "Appellants"), appeal a judgment of the Defiance County Court of Common Pleas, granting the summary judgment motion of Defendant-Appellee, JKK Properties, Inc. ("JKK"). Appellants maintain that JKK's failure to properly maintain the furnace in their rented trailer resulted in Appellants suffering carbon monoxide poisoning. They assert that it was error for the trial court to grant JKK summary judgment because R.C. 5321.04(A)(4) imposes strict liability on landlords. In the alternative, Appellants contend that material issues of fact remain concerning JKK's liability under the negligence per se standard. Finally, Appellants maintain that JKK is liable for the negligence of its independent contractor, Ron Jones Service, Inc. ("Jones").
 {¶ 2} After reviewing the entire record, we find that the trial court did not err in granting JKK's motion for summary judgment. Accordingly, Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 3} In February of 1998, Appellants began renting a trailer located on Lot 21 at Nolte Mobile Home Park ("Nolte") in Hicksville, Ohio. Nolte is owned and maintained by JKK. On the first night Appellant's spent in the trailer, they were unable to start the furnace and attempted to light the pilot light themselves. The next morning they were found unconscious as a result of carbon monoxide poisoning. Appellants asserted that the carbon monoxide poisoning was caused by a faulty furnace in their trailer.
 {¶ 4} Subsequently, Appellants filed suit against Nolte, Keith McDonald as the owner and operator of Nolte, Jones as the inspector of the furnace, and White-Rodgers Division of Emerson Electric Co. ("White-Rodgers") as the manufacturer of the furnace. In addition to the claims filed by Appellants, cross-claims were filed by McDonald and Nolte against Jones and White-Rodgers, and Jones filed counter cross-claims against McDonald and Nolte. Upon agreement of the parties, JKK was substituted as the legal entity for Nolte. Thereafter, numerous motions for summary judgment were filed between the various parties, resulting in Nolte, McDonald, and White-Rodgers being dismissed from the action. This left the summary judgment motions of JKK and Jones against Appellants as the only pending motions.
 {¶ 5} After considering the motions, the trial court granted both JKK's and Jones' motion for summary judgment. The trial court found that there was no evidence that JKK had any actual or constructive notice of any defect or improper maintenance of the furnace. The trial court also found that the evidence failed to demonstrate that Jones had breached any standard of care in inspecting the furnace. Appellants appealed this judgment of the trial court, claiming the trial court had applied the wrong standard of notice under R.C. 5321.04(A)(4) and that material issues of fact remained unresolved. In Trammell v. McDonald
(March 29, 2002), 3rd Dist. No. 4-01-26, unreported ("TrammellI"), this Court found that the trial court had erred by considering McDonald's deposition without such deposition being properly filed with the court. We held that without McDonald's deposition the evidence was insufficient to prove that there was no genuine issue of material fact regarding JKK's knowledge of the maintenance of the furnace. Accordingly, we reversed the trial court's judgment granting JKK summary judgment.
 {¶ 6} With regards to Jones, we held that there was no evidence in the record showing that Jones had wrongfully or negligently performed maintenance upon the furnace. Therefore, we affirmed the trial court's judgment granting Jones summary judgment.
 {¶ 7} On remand, McDonald's deposition was properly filed. After considering the properly filed deposition, the trial court reaffirmed its previous finding that there was no evidence JKK had actual or constructive notice of a defect or improper maintenance of the furnace. Accordingly, the trial court again granted JKK summary judgment. From this judgment Appellants appeal, presenting one assignment of error for our review.
 Assignment of Error The trial court erred finding that JKK Properties, Inc. hadno duty pursuant to Section 5321.04(A)(4) because JKK had nonotice of a defect or the improper maintenance by a retainedcontractor.
 {¶ 8} In their sole assignment of error, Appellants maintain that the trial court erred in granting JKK's motion for summary judgment. They claim that R.C. 5321.04(A)(4) imposes strict liability upon landlords. In the alternative, they assert that even under a negligence per se standard, material issues of fact remain concerning whether JKK had actual or constructive notice of any improper maintenance of the furnace. Finally, Appellants also argue that JKK should be held liable for the negligence of its independent contractor, Jones.
 Standard of Review {¶ 9} An appellate court reviews a summary judgment order de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp.
(1995), 73 Ohio St.3d 679, 686-687. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
 {¶ 10} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. Stateex rel. Burnes v. Athens City Clerk of Courts (1998),83 Ohio St.3d 523, 524; see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 Landlord liability under R.C. 5321.04(A) {¶ 11} R.C. 5321.04 states that:
(A) A landlord who is a party to a rental agreement shall doall of the following:
 (1) Comply with the requirements of all applicable building,housing, health, and safety codes that materially affect healthand safety;
 (2) Make all repairs and do whatever is reasonably necessaryto put and keep the premises in a fit and habitable condition;
 (3) Keep all common areas of the premises in a safe andsanitary condition;
 (4) Maintain in good and safe working order and condition allelectrical, plumbing, sanitary, heating, ventilating, and airconditioning fixtures and appliances, and elevators, supplied orrequired to be supplied by him.
Appellants contend that JKK failed to comply with the requirements of subsection (A)(4). Specifically, they claim that JKK did not properly maintain the furnace in their rented trailer in good and safe working order.
 {¶ 12} Violations of R.C. 5321.04 constitute negligence per se. Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20,25; Beere v. Timber Top Apts., 9th Dist. No. 20843, 2002-Ohio-2093, at ¶ 10. This court has specifically held that the negligence per se standard applies to violations of R.C.5321.04(A)(4). Trammel I supra; see, also, Beere at ¶ 10-11;Lansdale v. Dursch (Nov. 6, 1998), 2nd Dist. No. 16858, unreported; Hodges v. Gates Mills Towers Apt. Co. (Sep. 28, 2000), 8th Dist. No. 77278, unreported. Accordingly, Appellants' argument that the trial court should have considered violations of R.C. 5321.04(A)(4) under a strict liability standard is not well taken.
 {¶ 13} Under negligence per se, "a landlord's notice of the condition causing the violation is a prerequisite to liability."Sikora v. Wenzel (2000), 88 Ohio St.3d 493, 495. The specific notice a landlord is required to possess in order to impose liability under R.C. 5321.04(A)(4) was discussed in detail by the 2nd District in Lansdale.
 {¶ 14} In Lansdale, the court considered the differences in the language used in R.C. 5321.01(A)(2) and R.C. 5321.01(A)(4). Subsection (A)(2) requires the landlord to make the repairs necessary to put and keep the residence in a fit and habitable condition. Subsection (A)(4) requires the landlord to maintain in good and safe working condition various appliances and utilities contained in the residence. The court then defined the words "repair" and "maintain" and found that "repair" means to replace or fix that which is broken while "maintain" means to keep something in an existing state. Thus, the court reasoned that the kind of notice required of a landlord under each section was also different. Subsection (A)(2) requires a landlord to react to problems that arise concerning the residence. A tenant must show that the landlord had actual or constructive knowledge of the actual defect in order for liability to attach under this subsection. Alternatively, subsection (A)(4) requires a landlord to keep certain utilities and appliances in their current state and act in a proactive manner. A tenant claiming that a landlord breached this subsection need not show that the landlord had actual or constructive knowledge of the defect, but that the landlord had actual or constructive notice the residence was being improperly maintained.
 {¶ 15} In discussing what could constitute actual or constructive notice under subsection (A)(4), the 2nd District stated that "[s]uch a showing may be demonstrated by, interalia, evidence regarding the procedures necessary to maintain the particular appliance; any inspection, testing, or lack of the same, of the appliance for defects; or the landlord's schedule for regular maintenance or lack thereof." Lansdale supra. Herein, there was no evidence before the trial court that JKK had any actual or constructive notice that the furnace was being improperly maintained. JKK provided evidence that it had hired Jones to perform regularly scheduled inspection and maintenance on the furnace of every trailer in the park each fall. The evidence also showed that Jones had inspected the furnace in Appellants' trailer on September 27, 1997, approximately four months prior to when Appellants moved into the trailer, and that Jones had found furnace to be in perfect working condition at that time. There was also evidence that JKK had purchased carbon monoxide detection patches from Jones and that the patches were placed in all of the trailers, including Appellants' trailer. Furthermore, Appellants failed to provide any evidence showing that Jones was either incompetent in his inspections or that he had ever failed to adequately perform his maintenance duties. In fact, in Trammell I we affirmed the trial court's ruling that there was no evidence showing that Jones had negligently or wrongfully performed maintenance on Appellants' trailer.
 {¶ 16} Based on the above, we find that there is no evidence that JKK had either actual or constructive notice that the trailer was being improperly maintained. Accordingly, Appellants argument that summary judgment was improper under the negligence per se standard is not well taken.
 Liability for negligence of independent contractor {¶ 17} In their final argument, Appellants claim that JKK should be held liable for the negligence of Jones because Jones was acting as JKK's independent contractor when he inspected Appellants' furnace.
 {¶ 18} Appellants correctly assert that "when a landlord employs an independent contractor to make repairs in compliance with the statutory duties of R.C. Chapter 5321, the landlord cannot thereby insulate himself from liability arising out of the negligent performance of those repairs. Rather, the negligence of such independent contractor, if any, is imputable to the landlord." Strayer v. Lindeman (1981), 68 Ohio St.2d 32, 36. However, merely citing correct propositions of law is not enough. As the above quoted portion of Strayer clearly requires, Appellants must first show that the independent contractor was negligent before any such negligence is imputed on the landlord.
 {¶ 19} The trial court considered Jones' negligence and found that there was not enough evidence to show that he had wrongfully or negligently inspected or maintained the furnace in Appellants' trailer. In Trammell I we upheld this finding and the trial court's judgment granting Jones' motion for summary judgment. Under the "law of the case" doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Hawley v. Ritley
(1988), 35 Ohio St.3d 157, 160, citing Gohman v. St. Bernard
(1924), 111 Ohio St. 726, 730, reversed on other grounds in NewYork Life Ins. Co. v. Hosbrook (1935), 130 Ohio St. 101.
 {¶ 20} Having already found in Trammell I that there is insufficient evidence to prove that Jones was negligent, we will not now reconsider the issue. Accordingly, we must find that Appellants' final argument has no merit.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, JJ., concur.