{¶ 1} Plaintiff-appellant, Gloria J. Morgan, appeals from the trial court's order granting summary judgment in favor of defendants-appellees, Joseph A. Mamone and Greg-Cor Management. For the reasons set forth below, we reverse and remand.
 {¶ 2} Morgan initiated this action as a result of her slip and fall on an ice patch that occurred in the common area behind an apartment building located at 15119 Lake Avenue in Lakewood, Ohio. Mamone owns the building and Greg-Cor Management manages the property. Morgan's accident occurred on March 6, 2003, at which time she had been a tenant at the property for approximately six months.
 {¶ 3} Morgan's sole assignment of error raises several issues for our review: (1) whether appellees breached the duty of care owed to her and whether that breach was the proximate cause of her injuries; (2) whether the ice patch was the result of natural accumulation; (3) whether the ice patch was open and obvious; (4) whether appellees had notice of the defective condition; and (5) whether appellees' violation of R.C. 5321.04 proximately caused her injures.
 {¶ 4} The record reflects that the day prior to the incident, a cold rain fell, and the temperature dropped below freezing overnight. It then snowed. On the day of the incident, Morgan went outside to dispose of her trash in the dumpster located in a common area. Morgan was wearing rubber-soled shoes, and was carrying both her purse and a trash bag. She walked to the dumpster, lifted the lid with her left hand, and began to throw the bag inside with her right hand. At that moment, her feet slipped from under her, and she fell backward onto her buttocks. As a result of the fall, Morgan fractured her L1 vertebrae.
 {¶ 5} Morgan was unable to move after her fall, and remained on the ground for nearly an hour before she was helped. As she lay on the ground, she saw a patch of ice in the place where she had placed her foot prior to her fall. Morgan informed the responding EMS personnel that she had "slipped on a patch of ice."
 {¶ 6} Photographs taken of the area a day or two later showed that the garage had a broken gutter just above the location of the dumpster. The photographs also showed depressions in the concrete area where the dumpster was located.
 {¶ 7} Jeffrey Duncan, an independent contractor who maintained and repaired the premises, testified that he had observed the broken gutter and informed appellee Mamone of its condition. Duncan also testified that the gutter had been broken since Mamone purchased the building in March 2001. Duncan admitted that due to the break, some water would run down the side of the garage when it rained, and that at times, water would accumulate in the depressions of the concrete.
 {¶ 8} Morgan's expert, Dr. Schmidilin, a meteorologist, opined that since it had rained the day prior to the incident, the water escaping from the broken gutter would have run toward the drain, accumulated in the deteriorated concrete areas of the driveway, then frozen overnight, subsequently to be covered by the snow as it came down atop the ice. Schmidilin averred that the patch of ice on which appellant fell accumulated as a result of the leak in the broken gutter. Schmidilin further averred that had the gutter not been broken, the patch of ice would not have existed.
 {¶ 9} Civ. R. 56(C) provides that summary judgment is proper if the trial court determines that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. See, also, Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 10} Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try.Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 104,483 N.E.2d 150.
 {¶ 11} R.C. 5321.04, which sets forth landlord obligations, provides in part:
 {¶ 12} "(A) A landlord who is a party to a rental agreement shall do all of the following:
 {¶ 13} "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
 {¶ 14} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition."
 {¶ 15} Lakewood Codified Ordinances 1306.29(c) provides as follows:
 {¶ 16} "No owner, operator or agent shall occupy, maintain or lease or offer for rental or lease any dwelling unit or any part thereof which does not comply with the following minimum requirements:
 {¶ 17} "* * *
 {¶ 18} "(c) All roofs of every dwelling and occupiable structure shall be maintained weather-tight, water-tight, shall match and conform in their entirety to the existing design and color, and shall be equippedwith gutters and downspouts connected to a public storm sewer, provided, however, with the approval of the City Engineer, downspouts may discharge onto splash pads or other devices if a nuisance shall not be created to adjoining property." (Emphasis added.)
 {¶ 19} A violation of R.C. 5321.04 constitutes negligence per se, that is, proof of a violation of the ordinance dispenses with a plaintiff's burden in a simple negligence case of proving the existence of a duty and breach of that duty. Shroades v. Rental Homes, Inc. (1981),68 Ohio St. 2d 20, 25, 427 N.E.2d 774.
 {¶ 20} Negligence per se, however, does not dispense with a plaintiff's obligation to prove that the breach of the duty was the proximate cause of the injury complained of, nor does it obviate a plaintiff's obligation to prove that the landlord either received notice of the defective condition of the rental premises, knew of the defect, or the tenant made reasonable, but unsuccessful, attempts to notify the landlord. Shroades, supra at 25-26.[1]
 {¶ 21} In this case, Duncan testified that he observed the broken gutter, and informed appellee Mamone of its condition. Duncan also testified that the gutter had been broken since Mamone purchased the building in March 2001. Appellant's expert, Schmidilin, a meteorologist, averred that the patch of ice on which appellant fell accumulated as a result of the leak in the broken gutter. Schmidilin further averred that had the gutter been in good repair, the patch of ice would not have existed.
 {¶ 22} Upon review, we find that Duncan's testimony and Schmidilin's affidavit create a genuine issue of material fact as to both negligence and negligence per se, and the trial court erred in granting summary judgment.
 {¶ 23} Further, the issue of natural versus unnatural accumulation goes to the duty of care owed by the landlord . Flint v. ClevelandClinic Found., Cuyahoga App. Nos. 80177 80478, 2002-Ohio-2747;Gerber v. Chander, Inc. (Jan 25, 2001), Cuyahoga App. No. 77649. If there is negligence per se, the issues of duty and breach are both resolved.[2] Moreover, in instances involving negligence per se, likewise the open and obvious doctrine may not operate to dissolve a duty. See Harris v. Richmond Park Apts., Cuyahoga App. No. 84067,2004-Ohio-4081; Schoefield v. Beulah Road, Inc. (Aug. 26, 1999), Franklin App. No. 98-AP-1475.
 {¶ 24} Accordingly, Morgan's sole assignment of error is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] In Boyd v. Hariani, 9th Dist. No. C.A. 22500, 2005-Ohio-4536, the Ninth Appellate District held that a subsequent Supreme Court case,Sikora v. Wenzel, 88 Ohio St.3d 493, 2000-Ohio-406, 727 N.E.2d 1277, overruled Shroades "to the extent that [it] suggested that a tenant's reasonable, but unsuccessful, effort to provide notice to a landlord could constitute `notice.'" (Citation omitted.) Boyd at ¶ 22.
[2] As just noted, however, appellant's expert opined that the ice accumulated as a result of the broken gutter, and if there had been no break, no ice patch would have formed. "An unnatural accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds and drifting snow."Porter v. Miller (1983), 13 Ohio App.3d 93, 95, 468 N.E.2d 134. Therefore, even if this is found not to constitute negligence per se, but rather simple negligence, there is evidence which, if believed, would place a duty upon appellees as regards the unnatural accumulation.