OPINION
{¶ 1} Plaintiff-appellant, Allstate Insurance Company ("Allstate"), appeals the decision of the Butler County Court of Common Pleas granting summary judgment to a landlord on the insurance company's claim for subrogation for losses from a garage fire allegedly caused by a faulty refrigerator.
 {¶ 2} Allstate's insured, Jeffrey A. Combs ("tenant"), rented a house with acreage and *Page 2 
a detached garage from defendant-appellee, Clark Henry ("landlord"). The tenant held a renter's insurance policy through Allstate.[1]
 {¶ 3} According to the deposition testimony of the tenant, a refrigerator was located in the basement, unplugged, with doors ajar, when the tenant rented the property. The tenant testified that the landlord's agent told him the refrigerator came with the house. The tenant indicated that he told the landlord's agent that the interior portion of the refrigerator was full of cat hair. The tenant testified that the agent hired someone to clean the refrigerator, but the tenant indicated that the cleaning person refused to clean it.[2] The tenant told the landlord's agent the tenant would buy a refrigerator to use in the kitchen instead.
 {¶ 4} The refrigerator remained in the basement unused for more than a year until the tenant told the landlord's agent that he planned to move the refrigerator from the basement to a detached garage for use during a Fourth of July party in 2004. The tenant moved the refrigerator and kept it operating in the garage until a fire destroyed the detached garage, its contents and other personal property immediately adjacent to the garage on September 21, 2004.
 {¶ 5} Allstate paid the tenant approximately $11,399 under the renter's insurance policy and filed a complaint to recover from the landlord the amount it paid to the tenant. Allstate alleged in its complaint that the refrigerator supplied by the landlord caused the fire and ensuing loss.
 {¶ 6} The landlord filed a motion for summary judgment. Allstate responded, in part, by presenting an affidavit of its expert witness, who opined that the fire was caused by an *Page 3 
electrical malfunction in the refrigerator. The trial court granted the landlord's motion for summary judgment. Allstate appealed, setting forth one assignment of error for our review.
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE CLARK HENRY."
 {¶ 8} Allstate claims that R.C. 5321.04(A) is applicable in this case. R.C. 5321.04(A), states, in pertinent part, that a landlord who is a party to a rental agreement shall make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition, and shall maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him. R.C. 5321.04(A)(2) and (A)(4).
 {¶ 9} A landlord's violation of the duties imposed by R.C.5321.04(A)(1) or 5321.04(A)(2) constitutes negligence per se. Sikora v.Wenzel, 88 Ohio St.3d 493, 2000-Ohio-406, syllabus, clarifyingShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20. Other courts have found that a violation of R.C. 5321.04(A)(4) also constitutes negligence per se. McKenzie v. FSF Beacon Hill Assoc, LLC, Franklin App. No. 05AP1194, 2006-Ohio-6894, ¶ 11 (as R.C. 5321.04[A][4] sets forth specific duties that are the same under all circumstances and are imposed upon all landlords, a violation of R.C. 5321.04[A][4] constitutes negligence per se); cf., Lansdale v. Dursch (Nov. 6, 1998), Montgomery App. No. 16858.
 {¶ 10} With negligence per se, proof of a violation of the ordinance dispenses with a plaintiff's burden in a simple negligence case of proving the existence of a duty and breach of that duty. Morgan v.Mamone, Cuyahoga App. No. 87612, 2006-Ohio-6944, ¶ 19, citingShroades at 25.
 {¶ 11} Negligence per se does not dispense with a plaintiff's obligation to prove that *Page 4 
the breach of the duty was the proximate cause of the injury complained of, nor does it obviate a plaintiff's obligation to prove that the landlord received actual or constructive notice of the condition causing the statutory violation. Sikora at 498; Morgan at ¶ 20; Trammell v.McDonald, Defiance App. No. 4-04-15, 2004-Ohio-4805, ¶ 13.
 {¶ 12} The Second District Court of Appeals stated that a tenant claiming his landlord breached his duty to maintain one of the appliances listed in subsection (A)(4) needs to show that the landlord had actual or constructive notice that the appliance was improperly maintained, and establish that the landlord's failure to maintain the appliance was the proximate cause of her injuries. Lansdale.
 {¶ 13} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp.,73 Ohio St.3d 679, 686-687, 1995-Ohio-286.
 {¶ 14} The party moving for summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280,292-293, 1996-Ohio-107. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.; Civ.R. 56.
 {¶ 15} Allstate argues that summary judgment was not proper because genuine issues of material fact exist in reference to the landlord's actual or constructive knowledge of the defect or improper maintenance of the refrigerator, and with issues of proximate cause.
 {¶ 16} First, we note that Allstate alleged in its complaint that the landlord breached its *Page 5 
contractual duties to the tenant. Allstate also asked this court to apply R.C. 5321.04, which imposes duties upon "[a] landlord who is a party to a rental agreement * * *." However, Allstate has failed to present this court with the lease agreement between its insured and the landlord. We are aware that the landlord [emphasis added] indicated that he attached the lease agreement to the summary judgment motion, but no such lease agreement is in the record.
 {¶ 17} Neither party disputes that a lease exists, but Allstate, as the appellant, has failed to provide an adequate record to this court on appeal. See App.R. 9; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197; Loukinas v. Roto-Rooter Servs. Co. 167 Ohio App.3d 559, 570,2006-Ohio-3172, ¶ 23 (obligation to provide a record demonstrating error complained of remains with appellant at all times in an appeal, even when appellant seeks review of the entry of summary judgment). Accordingly, we will not consider any assertion pertaining to the lease's contents.
 {¶ 18} The determinative issue in dispute between the parties is whether the landlord supplied the refrigerator in question to the tenant in order to activate the provisions of R.C. 5321.04(A).
 {¶ 19} What we have before us is the tenant's deposition testimony that the landlord's agent told him the refrigerator came with the house. While reasonable minds could differ on the issue of whether the landlord supplied the refrigerator, Allstate still has the obligation to prove that the landlord had actual or constructive notice of the condition causing the statutory violation, i.e., a refrigerator that was not in good and safe working order. Sikora; Trammell at ¶ 13; R.C. 5321.04(A).
 {¶ 20} Allstate argues that this court should view the tenant's testimony that the refrigerator was originally in the basement, unplugged with doors ajar, and "full of cat hair" as evidence that the landlord had notice or constructive notice of a defect or improper *Page 6 
maintenance.
 {¶ 21} The tenant testified that he plugged in the refrigerator for an hour when he first inspected it, and it ran without incident before he unplugged it. Months later, the tenant decided to use the refrigerator for a party, wherein he presumably cleaned it, and testified that he moved it from the basement to the garage. The tenant plugged the refrigerator into an electrical power source, and continued to operate it in the garage for nearly three months after the Fourth of July party.
 {¶ 22} If Allstate possessed any type of "smoking gun" regarding the landlord's knowledge, it has curiously failed to argue that fact in its appellate brief or secure that evidence for this court's review.[3]
 {¶ 23} Construing the evidence most favorably for Allstate, reasonable minds could come to but one conclusion on the evidence in the record, and that conclusion is adverse to Allstate. After considering Allstate's arguments about the condition and location of the refrigerator in question, it has still failed to provide any evidence, by way of affidavit or deposition, that the landlord had notice of a problem with the refrigerator, or failed to keep the refrigerator in good and safe working order.
 {¶ 24} While the condition of the refrigerator in the basement, "full of cat hair," may call into question certain hygiene or cleanliness issues, it does not provide evidence that the landlord knew or should have known that the refrigerator was defective or its condition presented an issue of safe working order.
 {¶ 25} There are no genuine issues of material fact remaining on the issue of notice, and the landlord is entitled to judgment as a matter of law. *Page 7 
 {¶ 26} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] We have not been provided with a copy of the insurance policy or subrogation agreement between Allstate and the tenant. Finding no objection, we will presume the relationship for purposes of this appeal.
[2] It is not clear the source of the statements about the cleaning person or her alleged refusal to clean the refrigerator, but no one objected to this testimony in the tenant's deposition or its consideration for purposes of summary judgment.
[3] The landlord indicated in his motion for summary judgment that he was attaching an affidavit of his trial counsel that purported to acknowledge some notice issues by the landlord. That affidavit is also not part of the record. In fact, we cannot ascertain whether the trial court had such affidavit when it considered the summary judgment motion. *Page 1