[Cite as *Arnett v. Mong*, 2016-Ohio-2893.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| CHRISTINA M. ARNETT, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2015-10-022 |
| | : | O P I N I O N |
| - vs - | | 5/9/2016 |
| | : | |
| CAROL J. MONG, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH 20140215


George R. Oryschkewych, 6100 Oak Tree Blvd., Suite 200, Independence, Ohio 44131, for plaintiff-appellant

David A. Caborn, 6265 Riverside Drive, Suite A, Dublin, Ohio 43017, for defendant-appellee


**HENDRICKSON, J.**

{¶ 1}   Plaintiff-appellant, Christina Arnett, appeals from the decision of the Fayette County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Carol Mong, in a negligence per se action.  For the reasons outlined below, we affirm the decision of the trial court.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2}   In February 2014, Arnett went to visit her mother-in-law who rented a residential home owned by Mong.  Although the steps leading to the home were partially covered in ice and snow, Arnett initially entered the home without issue.  Several minutes later, Arnett exited the home using the same set of steps, but lost her footing and fell to the ground causing the injuries that are the subject of this lawsuit.

{¶ 3}   After the fall, Arnett filed a negligence complaint against Mong to recover damages.  Following discovery, Mong moved for summary judgment on the basis that, among other things, the condition was open and obvious.  Arnett's response in opposition specifically alleged that Mong was negligent per se because the gutter on the front of the home caused an unnatural accumulation of ice on the front steps.  The trial court granted summary judgment in favor of Mong, a decision that Arnett now appeals, raising the following assignment of error for review.

{¶ 4}   THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF/APPELLANT.

{¶ 5}   In her single assignment of error, Arnett alleges the trial court erred in granting Mong's motion for summary judgment.  We disagree.

{¶ 6}   This court reviews summary judgment decisions de novo, reviewing the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed.  *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party.  *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 7} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 8} Initially, we note that Arnett did not specifically reference a violation of R.C. 5321.04(A) in her complaint, but did refer to the statute in her brief in opposition to summary judgment. As noted by our decision in *Base-Smith v. Lautrec, Ltd.*, 12th Dist. Butler No. CA2013-07-115, 2014-Ohio-349, "Ohio law does not require negligence per se to be pled with particularity because negligence and negligence per se are closely intertwined concepts and Ohio's Civ.R. 8 requires only notice pleading." *Id.* at ¶ 4, fn. 2; *Gress v. Wechter*, 6th Dist. Huron No. H-12-023, 2013-Ohio-971. Therefore, we find Arnett's negligence per se claim was sufficiently raised below.

**Negligence Per Se Standard and the Open and Obvious Defense**

{¶ 9} The trial court found that the ice and snow was open and obvious and granted summary judgment in favor of Mong.[2] Arnett argues her claim is based upon negligence per se, not common law negligence, therefore, the open and obvious defense is inapplicable. Appellant is correct in noting that the open and obvious doctrine is inapplicable to claims for negligence per se because of the Ohio Supreme Court's decision in *Robinson v. Bates*, 112

---

2. Although the trial court granted Mong's motion for summary judgment based upon the open and obvious defense, it is not clear from the trial court's decision whether it determined appellant only properly raised a negligence claim and failed to sufficiently raise a negligence per se claim or whether it improperly applied the open and obvious defense to a negligence per se claim.

Ohio St.3d 17, 2006-Ohio-6362. In that case, the Court held that a negligence per se claim predicated upon a landlord's duty to repair cannot be defeated merely because the danger that caused the plaintiff's injury was open and obvious. *Id.* at ¶ 25. *See also Base-Smith*, 2014-Ohio-349, ¶ 20, fn. 4-5. Accordingly, we note that the open and obvious defense only applies to Arnett's common law negligence claims.

{¶ 10} Arnett alleges that her fall was caused by an unnatural accumulation of ice due to the defective condition of the gutter, which amounted to a violation of statutory duties. Specifically, Arnett claims Mong violated R.C. 5321.04 which provides:

> (A) A landlord who is a party to a rental agreement shall do all of the following:
>
> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
>
> * * *

{¶ 11} A violation of the statute that sets forth specific duties constitutes negligence per se. *Id.* at ¶ 22. In a negligence per se action, "proof of a landlord's violation of the statute dispenses with the plaintiff's burden to establish the existence of a duty and the breach of that duty." *Butler v. Wyndtree Housing Ltd. Partnership*, 12th Dist. Butler No. CA2011-03-056, 2012-Ohio-49, citing *Allstate Ins. Co. v. Henry*, 12th Dist. Butler No. CA2006-07-168, 2007-Ohio-2556, ¶ 10; *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 656 (1998). However, negligence per se does not equate to liability per se, as negligence per se does not dispense with the plaintiff's obligation to prove the landlord's breach was the proximate cause of the injury, nor does it remove a plaintiff's obligation to prove the landlord received actual or constructive notice of the condition causing the statutory violation. *Id.*; *Base-Smith* at ¶ 21 ("[n]egligence per se does not equate to liability per se"); *Mann v. Northgate Investors, LLC*,

10th Dist. Franklin No. 11AP-684, 2012-Ohio-2871, ¶ 25. Thus, to establish a negligence per se claim, Arnett was required to show: (1) a violation of a statute, (2) the violation of the statute proximately caused her injuries, and (3) that Mong knew or should have known of the defective condition.

{¶ 12} Based on our review of the evidence, we find the trial court did not err in granting summary judgment in favor of Mong as Arnett has failed to establish that Mong violated R.C. 5321.04(A). Furthermore, Arnett also failed to establish that the violation proximately caused her injuries.

### Violation of Statutory Duties

{¶ 13} First, with respect to the statutory violation requirement, the only instances in which Arnett has addressed allegations of a statutory violation are contained in her motion in opposition to summary judgment.[3] In her deposition, Arnett stated that she observed the snow and ice condition on the front of the steps. Arnett thought ice had unnaturally accumulated because the gutter was damaged and "[t]here was a hole in it." In addition, the affidavit of Arnett's mother-in-law stated:

> 2. Affiant further says that when she moved in, she notified her landlord * * * that the gutter on the front of the house was sagging, and that it needed to be cleaned out, and that when it rained, water would overflow over the sagging portion of the gutter onto the front stairs and bushes below.
>
> 3. Affiant further says that neither * * * [landlords] * * *, nor anyone on their behalf ever repaired the sagging gutter.
>
> 4. Affiant further says that, due to safety concerns, she had her son repair the sagging gutter in 2014.
>
> 5. Affiant further says that when the gutter overflowed during the cold weather, an unnatural accumulation of ice would form on

---

3. The summary judgment evidence presented to the trial court for consideration consisted of Arnett's deposition, and affidavit from Arnett's mother-in-law, along with the affidavits of Mong, and property manager Jack Cartwright. The record also contains a photograph of ice on the front steps taken "within a day or two" of the slip and fall incident, but does not contain any photographs of the gutter or its alleged condition as stated in Arnett's appellate brief.

her front stairs.

{¶ 14} As to a violation of R.C. 5321.04(A)(1), Arnett did not present any evidence that Mong failed to comply with applicable building, housing, health or safety codes.[4] Arnett, in her brief in opposition to summary judgment, presented the legal principle that a landlord owes the same duty to a tenant's guest as the landlord owes the tenant and then summarily stated "[t]he improper maintenance of gutters violates both sections of (1) and (2) of R.C. 5321.04. As such, given notice to the landlord, such violations constitute negligence per se." However, Arnett failed to cite any applicable building, housing, health or safety code to support her allegations. As a result, we find that Arnett failed to establish a violation of R.C. 5321.04(A)(1).

{¶ 15} Next, Arnett argues Mong violated R.C. 5321.04(A)(2), which requires a landlord to make all repairs and take such action as is reasonably necessary to put and keep the premises in a fit and habitable condition. In *Gress v. Wechter*, 6th Dist. Huron No. H-12-023, 2013-Ohio-971, the Sixth District Court of Appeals analyzed R.C. 5321.04(A)(2) and noted:

> Appellant also maintains that the trial court erred in entering summary judgment with respect to R.C. 5321.04(A)(2), which, as previously noted, requires a landlord to "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." Under 5321.04(A)(2), a plaintiff must first establish that a defective condition exists on the premises which renders it unfit or uninhabitable. "The meaning and interpretation of the statutory phrase 'fit and habitable' will not be liberally construed to include that which does not clearly fall within the import of the statute. * * * Fitness and habitability entails such defects as lack of water or heat, faulty wiring or vermin infestations' and does not include such items as missing handrails." *Avila v. Gerdenich Realty Co.*, 6th Dist. Lucas No. L-07-1098, 2007-Ohio-6356, ¶ 9, quoting *Parks v. Menyhart Plumbing and Heating Supply Co., Inc.*, 8th Dist. Cuyahoga No.

---

4. In her complaint, Arnett merely stated Mong owed her "a duty of care to keep the premises in a safe and reasonably maintained condition, and to not allow to exist a hazardous condition of which she was aware or should have been aware."

> 75424, 1999 WL 1129591 (Dec. 9, 1999); *Accord Mullins v. Grosz*, 10th Dist. Franklin No. 10AP-23, 2010-Ohio-3834, ¶ 34 ("[W]e cannot find that the lack of a handrail or gating in the porch/step/walkway area of the premises constitutes a defective condition rendering the premises unfit and uninhabitable.")
>
> The facts in this case indicate that the front porch was not equipped with gutters or downspouts for the duration of appellant's tenancy and indeed for the entire time appellee has owned the home since 1999 or 2000. We find that the absence of gutters, in this case, did not as a matter of law render the home unfit or uninhabitable. Accordingly, liability may not be predicated under R.C. 5321.04(A)(2), and appellant's second assignment of error is not well taken.

*Id.* at ¶ 20-21. We agree with the Sixth District's analysis of R.C. 5321.04(A)(2) and find that Arnett failed to establish that the gutters rendered the rental home unfit or uninhabitable. There is simply no evidence to support Arnett's claim that the premises were unfit or not in a habitable condition. Therefore, summary judgment was also proper as to Arnett's negligence per se claim under R.C. 5321.04(A)(2).

{¶ 16} We similarly note another case involving the application of negligence per se. In *Base-Smith*, this court reversed a trial court's decision granting summary judgment in favor of a property owner where triable issues of fact existed as to whether the property owner was negligent per se. *Id.*, 2014-Ohio-349 at ¶ 28. That case also involved a wintertime slip-and-fall incident allegedly occurring as a result of a "defective" drainage system, which could constitute a violation of statutory duties. *Id.* at ¶ 2-3. However, in that case, the plaintiff presented testimony and photographs demonstrating that the defective drainage system was malfunctioning and "not properly channeling the water away from the walkway into the in-ground drainage pipes, as it was intended to do." *Id.* at ¶ 24-26.

{¶ 17} Here, there is evidence that Arnett slipped and fell while walking down steps and there is testimony related to a hole in the gutter, or that the gutter was "sagging." However, Arnett offers no evidence to support her claim that this creates a statutory violation.

Unlike this court's decision in *Base-Smith*, Arnett has not presented any evidence to support her argument that the gutter created a statutory violation which caused her injuries. While Arnett's mother-in-law had the gutter repaired "due to safety concerns," there is no evidence the premises were not in a habitable condition, nor is there any evidence that a specific code which "materially" affects health and safety was violated as required by R.C. 5321.04.

### Proximate Causation

{¶ 18} Even if we were to conclude a specific statutory duty was violated, we would still find that the record in this case fails to demonstrate any genuine issue of material fact that Arnett's injuries were proximately caused by Mong's breach of a statutory duty. "Normally, the issue of proximate cause involves questions of fact and cannot be resolved by means of summary judgment." *Welch v. Bloom*, 6th Dist. Lucas No. L-04-1003, 2004-Ohio-3168, ¶ 11. However, if the facts are undisputed, the issue becomes a question of law which can be determined on summary judgment. Proximate causation, even in instances where the elements of duty and breach have been established, cannot be established through "mere speculation." *Holbrook v. Kingsgate Condo. Assn.*, 12th Dist. Butler No. CA2009-07-193, 2010-Ohio-850, at ¶ 27; *Workman v. Linsz*, 8th Dist. Cuyahoga No. 102473, 2015-Ohio-2524, ¶ 15.

{¶ 19} During her deposition, Arnett testified that she was walking on the opposite side of the accumulating ice and had "no idea" what caused her fall, "but an educated guess would be probably something was underneath that made me slip. I would say ice or snow." Thus, from Arnett's testimony it is clear that she cannot determine what caused her fall. This distinction is critical in a case such as this, as it is well-established that "[n]egligence cannot be established by the mere fact that a person slipped and fell." *Hess v. One Americana Ltd. Partnership*, 10th Dist. Franklin No. 01AP-1200, 2002 WL 392368, *2 (Mar. 14, 2002); *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67-68 (12th Dist.1989) (noting that

- 8 -

usually, "[t]o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall"). Rather, "'[a] plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall.'" *Mann*, 2012-Ohio-2871, ¶ 26, quoting *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. Franklin No. 02AP-1370, 2004-Ohio-2989, ¶ 12.

{¶ 20} Instead, Arnett's testimony merely suggests that the possible cause of her fall could be either a *natural* accumulation of snow or ice *or* an *unnatural* accumulation of ice. Again, such speculation is insufficient to defeat summary judgment. *See, e.g., Holbrook*, 2010-Ohio-850 at ¶ 27; *Workman*, 2015-Ohio-2524, ¶ 15. It is undisputed that the record cannot establish, nor does Arnett know, whether she slipped on ice or snow or, if she in fact slipped, whether it was on ice that had accumulated naturally or unnaturally.

{¶ 21} We note that the facts in the present case are distinguishable from those found in this court's recent case *Estate of Jennifer Merrill v. Meijer Stores Limited Partnership*, 12th Dist. Clermont No. CA2015-10-090, 2016-Ohio-1432. That case involved a fall by a customer in a Meijer store where the customer slipped on a wet floor and there was an "ongoing issue" with employees stacking water on top of pallets that had damaged the bottles, resulting in "leakers." Despite Meijer's knowledge of this ongoing problem, the trial court found that the plaintiff's observation that she slipped in water coming from the pallet was solely speculation, as she had no proof that the liquid on which she slipped was water or that it came from a particular bottle within the cases of water stacked on the pallets. *Id.* at ¶ 14-16.

{¶ 22} On appeal, we reversed the decision of the trial court, in part because we found the plaintiff was not speculating as to what the substance was and where it came from. *Id.* at ¶ 20. Rather, we acknowledged that there was a distinction between "speculation" and "a reasonable inference based upon factual observations." *Id.* Furthermore, we noted that

unlike other decisions addressing similar issues, "our record does not reveal any viable cause for the water being on the floor other than the cases of water stacked on the pallet [were] recently transported and deposited at the endcap." *Id.* at ¶ 19.

{¶ 23} As previously noted, while Arnett testified and introduced averments regarding the gutter, her argument here is that the gutter possibly caused an unnatural accumulation of ice that possibly caused her fall. However, Arnett also stated that she possibly slipped on snow, which would be a naturally occurring condition not caused by a breach of a statutory duty. In other words, there is no evidence that Arnett establishes, beyond speculation, that she slipped on ice as a result of an unnatural accumulation created by a violation of R.C. 5321.04. Beyond arguments in her appellate brief and in her opposition to summary judgment, there is no evidence that Arnett's injuries were caused by the violation of a specific safety code that materially affected the premises or that the premises were not fit for habitation. Without evidence, it simply cannot be said that the proximate cause of Arnett's injury was caused by a statutory violation. Having found that Arnett failed in her reciprocal burden to produce facts that establish a genuine issue of material fact of a violation of statute or the proximate cause element in her case, we find Arnett's single assignment of error is without merit and overruled.

{¶ 24} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.